UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD RAY WALTERS, III,<br><br>Defendant. | Case No.: 18CR2185-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pending before the Court is Defendant Walters' Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 114). Plaintiff has filed a response in opposition to Defendant's motion (ECF No. 116) and Defendant has submitted a reply (ECF No. 117). Having considered these submissions and the applicable authorities, the Court will dismiss Defendant's motion for lack of jurisdiction.

## Background

On July 13, 2018, Defendant Walters pled guilty pursuant to a plea agreement to the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 23, 24. Under the terms of the plea agreement, Defendant agreed to waive all rights to appeal and collaterally attack "every aspect" of the conviction and sentence, with an

exception preserving collateral attack "on the basis that Defendant received ineffective assistance of counsel." ECF No. 23 at 10.

Defendant was sentenced by this Court on June 3, 2022, to a term of imprisonment of 120 months, 3 years of supervised release, and restitution in the amount of $13,218.97.[1] ECF No. 98. On June 5, 2023, Defendant filed a notice of appeal to the Ninth Circuit of Appeals. ECF No. 103. Defendant's notice of appeal was subsequently construed as a motion pursuant to 28 U.S.C. § 2255 and the previously mentioned briefing was submitted to this Court. ECF No. 111.

## Analysis

Defendant contends that his conviction should be vacated because his conviction and sentence are illegal and unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). ECF No. 114 at 1. Defendant further contends that his plea agreement waiver of collateral attack may not be enforced if his conviction is illegal.[2] ECF No. 117 at 2. The government maintains that Defendant waived his right to bring his Section 2255 motion, that Defendant cannot demonstrate that his conviction was in violation of the United States Constitution, and that Defendant's claims are procedurally defaulted. The Court agrees that Defendant's motion is waived, therefore the Court lacks jurisdiction to consider the motion.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a

---

[1]  This sentence was to run concurrent with the sentence imposed in 19CR4406-JLS, a case in which Defendant received a sentence of a sentence of 300 months of incarceration for the offense of distribution of fentanyl resulting in death in violation of 21 U.S.C. § 841(b)(1)(C). 19CR4406-JLS, ECF No. 66. A motion pursuant to 28 U.S.C. § 2255 was also filed in that case but was subsequently withdrawn. *Id.,* ECF Nos. 77, 80.

[2]  In his notice of appeal, Defendant also raised an ineffective assistance of counsel claim. ECF No. 103. However, this claim was not raised in the amended Section 2255 motion filed by counsel after this Court's briefing schedule was issued, thus the Court does not consider the IAC claim to be before the Court. If it were, the initial claim was unsupported by any specific allegation or information sufficient to even call into question the effectiveness of defense counsel's performance, nor to establish prejudice.

18CR2185-JLS

sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

In this case, the record reflects that Defendant's plea agreement was knowingly and voluntarily entered. In his plea agreement, Defendant represented that his guilty plea was knowing and voluntary, that he had a full opportunity to discuss all the facts and circumstances of his case with counsel, and that he "has a clear understanding of the charges and the consequences of this plea." ECF No. 23 at 5. Defendant was represented by counsel at the change of plea proceeding, where Defendant acknowledged that he had taken an oath to tell the truth. ECF No. 110 at 3. During this proceeding, Defendant acknowledged that he reviewed the plea agreement with counsel, that he initialed each page and signed it, and that he was pleading guilty of his own free will. *Id.* at 4-6. Defendant indicated that he was satisfied with the representation and advice provided by his attorney and stated that he understood that if the Court followed the plea agreement, he would not be able to appeal the sentence or later collaterally attack the sentence or judgment. *Id.* at 7, 12.

Defendant does not contest the voluntariness of the plea agreement waiver provision but contends that his waiver should not be enforced because his conviction is illegal under *Bruen, supra*. However, since the filing of the briefing in this case,[3] the Ninth Circuit Court of Appeals has determined that 18 U.S.C. § 922(g)(1) is constitutional, even as applied to non-violent felons. *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc), *cert. denied*, 2026 WL 135692 (Jan. 20, 2026). Accordingly, the Court finds no basis for Defendant to escape the waiver provision of his plea agreement.

---

[3] Briefing in this matter was completed in February 2024. Defendant requested, however, that the Court defer a decision on the merits pending the Ninth Circuit's resolution of the issue of *Bruen's* impact on the constitutionality of 18 U.S.C. § 922(g)(1).

18CR2185-JLS

## Conclusion

The Court finds that the Section 2255 motion and the record conclusively demonstrate that Defendant is entitled to no relief because the motion was waived as a result of Defendant's plea agreement.  Accordingly, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.**  Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated:  March 26, 2026

Hon. Janis L. Sammartino
United States District Judge

18CR2185-JLS